The FLYING TIGERS OIL CO., INC.,
et al., Plaintiffs,

v.

The FLYING TIGERS LINE, INC., et
al., Defendants.

Civ. A. No. 87–3061 JHP.

United States District Court,
District of Columbia.

Jan. 14, 1988.

MEMORANDUM ORDER

JOHN H. PRATT, District Judge.

This case is before the court upon transfer from the United States District Court for the Southern District of New York. *The Flying Tigers Oil Co., Inc. v. The Flying Tigers Line, Inc., et al.,* 87 Civ. 7597 (S.D.N.Y. Oct. 29, 1987). For present purposes we need only state the following salient facts of this old and unusual case. On May 6, 1976, plaintiff Flying Tigers Oil Co., Inc. ("Flying Tigers") filed an application to register the trademark "Flying Ti-

gers" and a tiger head logo with the United States Office of Patents and Trademarks. The application was published for opposition on November 18, 1980 in the *Official Gazette.* One month later defendant Flying Tigers Line, Inc. filed an opposition to plaintiff's request, claiming that it already owned the registration rights to "Flying Tiger Line, Co." as well as for the design of the tiger head.

In the ensuing seven years the Trademark Trial and Appeals Board ("Trademark Board" or "Board") concerned itself with applications submitted by the other named plaintiffs in this action requesting permission to intervene in the trademark proceedings. These applications were twice rejected by the Trademark Board, and on each occasion the Board's decision was affirmed on appeal to the United States Court of Appeals for the Federal Circuit. Finally, in a decision issued on June 1, 1987, the Trademark Board rejected Flying Tigers' application for registration.

In response, plaintiffs filed suit in federal court in New York. In its decision of October 29, 1987, the court transferred the case to this district pursuant to 15 U.S.C. § 1071(b)(4), which provides that such trademark cases, when involving parties residing in foreign countries or in a plurality of districts not embraced within the same state, may be brought only in this court.

We now conclude that this case must be dismissed. Our examination of the file reveals a verbose, 165–page complaint apparently seeking relief from the Trademark Board decision on the merits, as well as raising a miscellany of unrelated claims ranging from the incoherent to the absurd. Try as we may, we can discern no principled, clear statement of plaintiffs' claims, Fed.R.Civ.P. 8, nor can we believe that plaintiffs made a good faith effort to verify their allegations before filing the instant complaint. Fed.R.Civ.P. 11. Plaintiffs instead have woven an expansive conspiracy theory premised solely on generalized and largely incomprehensible claims of international corruption and sabotage of judicial processes. In the process plaintiffs have implicated hundreds of defendants, seemingly at random; included among their

ranks are diplomats, newspapers, public officials, and numerous foreign entities. Yet the record is barren of any plausible nexus between the defendants and the claims asserted by plaintiffs, much less a link between the allegations and the original trademark issue.

This is not the first time the principal plaintiff in this case has been sanctioned for the filing of incoherent and improper pleadings. On two separate occasions the Trademark Board chastised Flying Tigers for, among other things, its "continuing failure to familarize itself with Board procedures and/or refusal to follow the Trademark Rules of Practice." Order of June 1, 1987, at 5–6; Order of Oct. 5, 1984, at 4. Ultimately the Board found itself left with no choice but to reject plaintiff's application for registration as patently groundless, as well as violative of Federal Rule 11. Order of June 1, 1987, at 6–7.

So we are obligated here. For the foregoing reasons, and upon full consideration of the record, it is by the court

ORDERED that this case is dismissed with prejudice pursuant to Rules 8 and 11 of the Federal Rules of Civil Procedure.